UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
EDWARD PANEBIANCO,                    :
                                      :
            Plaintiff,                :    04 Civ. 9331 (JSR)
                                      :
        -v-                           :    MEMORANDUM ORDER
                                      :
FIRST UNUM LIFE INSURANCE COMPANY,    :
ET AL.,                               :
                                      :
            Defendants.               :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

This suit challenges, inter alia, First Unum's refusal to find plaintiff disabled for purposes of his long-term disability policy. The Court earlier stayed further proceedings pending First Unum's review of plaintiff's casefile, an action taken pursuant to a settlement the company reached with various government regulators. See Transcript, 2/10/05. Still pending is defendants' motion to disqualify plaintiff's counsel, the law firm of Binder & Binder ("Binder"), a motion the Court now grants.

The relevant facts, as set forth in plaintiff's affidavits or in portions of defendants' affidavits not contested by plaintiff, are as follows.[1] This controversy stems from the employment of a lawyer named Peter Heck, who was hired in 1998 as an associate, and in 2002 became a partner, of a law firm that would become known as Del Mauro, DiGiaimo, Knepper & Heck ("DDKH"). Declaration of Steven P. Del Mauro, 1/20/05 ("Del Mauro Decl."), ¶ 7. Until its merger with

---

[1] Because the Court does not need to resolve any factual disputes to decide this issue, it takes the facts most favorably to plaintiff.

another firm in November 2004, DDKH was a boutique litigation firm that specialized in defending insurance companies against actions brought by policyholders.  Id. ¶¶ 1, 4.  UnumProvident, First Unum's parent company, was DDKH's largest client.  Id. ¶ 10.  Working closely with UnumProvident's in-house counsel, DDKH represented a number of disability insurers that are collectively owned, directly or indirectly, by UnumProvident.  Id. ¶¶ 5, 10.

In his more than six years at DDKH, Heck represented UnumProvident in scores of cases, most of which turned on whether the respective plaintiffs were entitled to benefits under long-term disability policies issued by UnumProvident or its subsidiaries or affiliates.  Id. ¶¶ 11, 12.  Heck worked virtually full-time for UnumProvident, billing the company more than 1,600 hours each year from 1999 through 2003.  Id. ¶¶ 10, 11.  In the course of working on individual cases, Heck regularly discussed trial and settlement strategy with in-house counsel for UnumProvident, and he attended internal presentations on the claims the company faced.  Id. ¶¶ 13, 20; Affidavit of John LoBosco, sworn to 1/21/05 ("LoBosco Aff."), ¶ 7.

Heck had access to all documents and files regarding all of DDKH's cases, even those on which he did no work.  Del Mauro Decl. ¶ 3.  All outgoing documents were copied and circulated to every lawyer in the firm, id. ¶¶ 3, 8, although Heck asserts he never read these letters and had his secretary throw them out before they reached him.  Affidavit of Peter J. Heck, sworn to 2/1/05 ("Heck Aff."), ¶ 17.

In June of 2004, Heck gave DDKH notice that he would depart in 60 days. Id. ¶ 19. From then until he left the firm on August 16, 2004, he was screened from DDKH cases except those on which he was actively involved. Id. 19, 20; Del Mauro Decl. ¶ 9. On August 30, Heck was hired by Binder. Heck Aff. ¶ 53. He did not notify DDKH or UnumProvident of his new employment. Del Mauro Decl. ¶ 9; LoBosco Aff. ¶¶ 15, 20.

Binder and UnumProvident are regular litigation adversaries. As of January 21, Binder was counsel of record for the respective plaintiffs in at least 13 lawsuits against UnumProvident. LoBosco Aff. ¶ 19. In many of those cases, including this one, Binder has alleged misconduct in the determination of claims. Declaration of Brian G. Kanner, 1/21/05, ¶¶ 7-12. Binder was making these allegations, and broad discovery requests for the information that would be necessary to prove them, before Heck joined the firm. Affidavit of John W. DeHaan, sworn to 1/14/05,[2] ¶ 11.

When he joined Binder, Heck was specifically warned not to discuss any cases he had handled at DDKH. Affidavit of Harry J. Binder, sworn to 1/31/05 ("Binder Aff."), ¶ 4. Binder also adjusted its computer system to deny Heck access to its casefiles involving long-term disability claims, excepting those for the cases on which he was working. Id. ¶ 16.

However, soon after Heck arrived at Binder he was assigned active involvement in some cases against UnumProvident. LoBosco Aff.

---

[2]DeHaan's signature is dated January 31, notwithstanding the January 14 date attested to by the notary.

3

¶ 19; Kanner Decl. ¶ 13. These cases included two in which DDKH had been retained by the defendant while Heck was still there. Del Mauro Decl. ¶ 9. UnumProvident soon began making motions to disqualify Binder from their cases. Since late December, at least three courts have issued decisions disqualifying Binder in similar cases. See Battagliola v. Nat'l Life Ins. Co., 2005 U.S. Dist. LEXIS 650 (S.D.N.Y. 2005); Edwards v. Gould Paper Corp. Long Term Disability Plan, 2005 U.S. Dist. LEXIS 849 (E.D.N.Y. 2005); Lott v. Morgan Stanley Dean Witter & Co. Long-Term Disability Plan, 2004 U.S. Dist. LEXIS 25682 (S.D.N.Y. 2004).[3]

On January 13, shortly following Binder's first disqualification in Lott, Heck tendered his resignation, giving 30 days notice. DeHaan Aff. ¶ 24. On January 20, the firm asked him to leave immediately. Id. ¶ 27.

Against this background, it is clear that Binder must be disqualified. A disqualification motion should be granted if: (1) the moving party is a former client of its opponent's counsel; (2) there is a "substantial relationship" between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) counsel is likely to have had access to relevant privileged information during his prior representation. Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983). It is

---

[3] In addition, Binder was disqualified by default in another case when it failed to respond to motion papers. See Denisi v. CNF Transp. Inc. Disability Plan, No. 04-CV-2379 (D. N.J. Dec. 8, 2004), attached as Exhibit B to Kanner Decl. Binder is contesting that disqualification on the grounds that it was never served with papers.

4

undisputed that Heck formerly represented UnumProvident in a multitude of cases, and it cannot be seriously doubted that Heck is likely to have had access to relevant privileged information during his prior representation.[4] The Court also has no trouble finding a substantial relationship between issues in plaintiff's complaint, which includes allegations regarding First Unum's general procedures for handling long-term disability cases, and defendant's prior representation of the company against virtually identical allegations of systemic misconduct.[5] See Del Mauro Decl. ¶¶ 22-24. Cf. Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 740 (2d Cir. 1978). The Court thus concludes, in agreement with all prior courts to consider the question, that if Heck were still employed by Binder, he and the firm would both be disqualified.

The only new wrinkle in the instant case is Heck's departure from Binder, but this late action cannot prevent the firm's disqualification. To prevent one lawyer's conflicts from being

---

[4] Plaintiff argues that Heck did not avail himself of any privileged information of relevance to this case, but the moving party need not prove that "an attorney actually had access to or received privileged information while representing the client in a prior case," because to do so it would have to disclose the very privileged information it seeks to protect. Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 740 (2d Cir. 1978); see also T. C. Theatre Corp. v. Warner Bros. Pictures, Inc., 113 F. Supp. 265, 269 (S.D.N.Y. 1953) (Weinfeld, J.).

[5] Plaintiff argues that, by the time First Unum reviews plaintiff's file pursuant to the settlement and this case is restored to the Court's active docket, the remaining issues may be quite different. But this is entirely speculative; the Court must address the issues as framed by the existing Complaint, not an Amended Complaint that may or may not be filed at a future time.

5

imputed to his firm, the firm must immediately, and effectively, screen that lawyer from any contact with any relevant cases, such that there can be no "doubts as to the sufficiency of these preventive measures." Cheng v. GAF Corp., 631 F.2d 1052, 1057 (2d Cir. 1980), vacated on other grounds, 450 U.S. 903 (1981). The screening procedures "must have been established from the first moment the conflicted attorney transferred to the firm or, at a minimum, when the firm first received actual notice of the conflict." Mitchell v. Metropolitan Life Ins. Co., Inc., 2002 U.S. Dist. LEXIS 4675, at *27 (S.D.N.Y. 2002) (collecting cases). Here, while Binder purported to put some modest screening in place, it actively undercut these efforts by assigning Heck to cases substantially related to his prior representation. Under these circumstances, Binder's supposed screening procedures, which mostly consisted of physical isolation, cannot eliminate the "unacceptable appearance of impropriety," Cheng, 631 F.2d at 1059. Nor can Heck's recent departure undo the firm's conflict when this case began, for the same reason that belated screening is insufficient: there is no way to ensure that privileged information has not already been conveyed. Cf. La Salle Nat'l Bank v. County of Lake, 703 F.2d 252, 259 (7th Cir. 1983). The firm must be disqualified from this case, which was filed while Heck remained at the firm and continued to actively participate in cases involving UnumProvident.[6]

---

[6] The Court expresses no opinion on whether Binder may represent clients whose suits against UnumProvident were filed after Heck's departure.

6

Accordingly, defendants' motion to disqualify Binder & Binder as plaintiff's counsel is granted. Although the case remains stayed pending First Unum's review of plaintiff's application for disability benefits, counsel for defendants is directed to notify the Court, in writing, by no later than May 16, 2005 of the status of that review and, if it has not been completed, of a date certain by which it will be completed. Meanwhile, Binder & Binder is directed to facilitate plaintiff's retention of new counsel and to notify the Court, in writing, of the results of these efforts by no later than May 16, 2005.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
April 26, 2005